# EXHIBIT A

| Summons | CIVIL DOCKET NO. 2584CV02108 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME: Norfolk & Dedham Mutual Fire Insurance Company, as subrogee of Natacha Maignan Plaintiff(s) vs. Amazon.com Services LLC Defendant(s) | | John E. Powers III, Clerk of Courts<br>Suffolk County<br>COURT NAME & ADDRESS:<br>Suffolk Superior Civil Court<br>Three Pemberton Square<br>Boston, MA. 02108 |

THIS SUMMONS IS DIRECTED TO Amazon.com Services LLC (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Suffolk Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court and mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior Court Three Pemberton Square Boston, MA 02108 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing a **copy** of your response to the Plaintiff's attorney/Plaintiff at the following address: Matthew D. Rush, Esq., Sloane and Walsh, LLP, One Boston Place 201 Washington St., Suite 1600, Boston, MA 02108

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

A true copy Attest: 8·18·25

Deputy Sheriff Suffolk Co

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti ________, Chief Justice on ________________, 20____. (Seal)

Clerk [signature]

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

PROOF OF SERVICE OF PROCESS

I hereby certify that on ______________, I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

____________________________________________________

____________________________________________________

____________________________________________________

Dated: ______________ Signature: ____________________

**N.B. TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

ER

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:

NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY, as subrogee of Natacha Maignan,
Plaintiff,

v.

AMAZON.COM SERVICES LLC,
Defendant.

**COMPLAINT AND JURY DEMAND**

**PARTIES**

1. Plaintiff, Norfolk & Dedham Mutual Fire Insurance Company, as subrogee of Natacha Maignan, is a mutual fire insurance company organized under the laws of the Commonwealth of Massachusetts, has a principal place of business at 222 Ames Street, Dedham, MA 02026 and is licensed to issue policies of insurance in the Commonwealth of Massachusetts.

2. Defendant, Amazon.com Services LLC, is a corporation organized under the laws of the State of Delaware, with a principal place of business at 410 Terry Avenue, North Seattle, WA 98109, and a registered agent of Corporation Service Company, 84 State Street, Boston, MA 02109.

**FACTUAL ALLEGATIONS**

3. At all relevant times, Natacha Maignan owned a residential dwelling (the "Dwelling") located at 206 Woodrow Avenue, Dorchester, MA 02124 (the "Property").

4. At all relevant times, Norfolk & Dedham Mutual Fire Insurance Company insured the Dwelling and personal property located inside of the Dwelling under a homeowners insurance

policy (the "Policy"). The Policy provided additional coverages, including coverage for additional living expenses.

5. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, was in the business of marketing, selling, distributing, shipping, and delivering consumer products, including handheld vacuums, to consumers in Massachusetts.

6. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, operated, maintained, and controlled a website at Amazon.com, which was an online marketplace where the Defendant, Amazon.com Services LLC, and third-party sellers listed products for sale.

7. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, controlled the website at Amazon.com and listings on the website.

8. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, had the right to refuse to process or cancel any transactions made on its website at Amazon.com.

9. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, accepted payments for products ordered from Amazon.com Services LLC and third-party sellers on its website at Amazon.com.

10. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, accepted, managed and controlled exchanges and refunds for products ordered from Amazon.com Services LLC and third-party sellers on its website at Amazon.com.

11. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC's refund policy controlled the amount of refunds due to purchasers of products ordered from Amazon.com Services LLC and third-party sellers on its website at Amazon.com.

12. At all times and all times hereinafter mentioned, if a consumer wanted to return a product purchased on the Defendant, Amazon.com Services LLC's website at Amazon.com, the customer returned the product through the Defendant, Amazon.com Services LLC.

13. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, set up and controlled designated locations for returns of products purchased on its website at Amazon.com.

14. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, had the right to withhold payments for products ordered from third-party sellers on the Defendant, Amazon.com Services LLC's website at Amazon.com pending an investigation and resolution of any dispute or claim.

15. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, required that all communications between a third-party seller and purchaser of a product sold through the website at Amazon.com be made through the Defendant, Amazon.com Services LLC.

16. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, collected fees, including referral fees and subscription fees, from third-party sellers who listed products on the Defendant, Amazon.com Services LLC's website at Amazon.com.

17. On August 22, 2022, Natacha Maignan visited the Defendant, Amazon.com Services LLC's website at Amazon.com and ordered and purchased a Microgo electric scooter (the "Product") manufactured by Wuyi Zeda Electronic Technology Co., Ltd.

18. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, marketed and advertised the Product on the Defendant, Amazon.com Services LLC's website at Amazon.com.

19. The Defendant, Amazon.com Services LLC, processed the order of the Product by Natacha Maignan and collected payment for the order of the Product.

20. The Defendant, Amazon.com Services LLC, collected a fee, which was a percentage of the sale price, for the sale of the Product.

21. The Defendant, Amazon.com Services LLC, was responsible for the marketing, sale, and distribution of the Product to Natacha Maignan.

22. The Defendant, Amazon.com Services LLC, was a direct link in the chain of distribution of the Product.

23. At all relevant times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, represented and warranted that the Product was safe, fit for its intended uses and free of any defects.

24. Natacha Maignan used the Product for its intended purpose.

25. Natacha Maignan maintained the Product in a safe and proper manner, without any alteration or modification, and in accordance with the Product's instructions.

26. On or about April 10, 2024, the Product malfunctioned, caught fire and caused a fire (the "Fire") inside of the Dwelling and caused damage to the Dwelling (the "Loss").

27. The Product malfunctioned because of defects in their design and/or manufacture.

28. Defects in the design and manufacture of the Product made the Product unsafe for its intended use. The Product's design and manufacture allowed for chaffing/mechanical damage to the Product's electric circuits/wires, which resulted in an electrical fault, ignition of combustible materials on the Product, the Fire and the Loss.

29. Defects in the design and manufacture of the Product established a strong likelihood of damage to property of users and others.

30. The Defendant, Amazon.com Services LLC's negligence and breach of the implied warranty of merchantability were a direct and proximate cause of the malfunction of the Product and the Loss, which caused damage to the Dwelling and personal property at the Property, and additional living expenses.

31. As a result of the Loss and the Defendant, Amazon.com Services LLC's negligence and breach of implied warranty of merchantability, and pursuant to the Policy, Norfolk & Dedham Mutual Fire Insurance Company made payments of $444,143.04 in satisfaction of its obligation to and/or on behalf of its insured, Natacha Maignan. The Policy also had a deductible.

32. Pursuant to the terms and conditions of the Policy and applicable Massachusetts law, Norfolk & Dedham Mutual Fire Insurance Company now stands subrogated to Natacha Maignan's rights and causes of action to the extent of payments made to Natacha Maignan and/or on her behalf and asserts its subrogation rights through this Complaint.

**COUNT I**
**(Negligence v. Amazon.com Services LLC)**

33. The Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above, as if expressly re-written and set forth herein.

34. The Loss and resulting damage to the Dwelling and personal property at the Property and additional living expenses were proximately caused by the negligence and breaches of duties owed by the Defendant, Amazon.com Services LLC, including, but not limited to, the following:

a. Placing in the channels of trade a product that the Defendant, Amazon.com Services LLC, knew or, with reasonable care should have known, was unreasonably dangerous and unsafe;

b. Distributing a product that posed a risk of fire during normal use;

c. Marketing an inherently unsafe and/or dangerous product;

d. Misrepresenting that the Product was safe when the Defendant, Amazon.com Services LLC, knew or should have known that the product was dangerous and unsafe;

e. Failing to make appropriate recommendations concerning the use and maintenance of the Product;

f. Failing to warn users that the Product was susceptible to malfunction and fire;

g. Failing to warn users that the Product could cause or contribute to property damage as a result of malfunction and fire;

h. Failing to warn users of the existence of a dangerous condition associated with the Product; and

i. Otherwise failing to exercise reasonable care under the circumstances which then and there existed.

35. Pursuant to the terms and conditions of the Policy and applicable Massachusetts law, Norfolk & Dedham Mutual Fire Insurance Company now stands subrogated to Natacha Maignan's cause of action of negligence against the Defendant, Amazon.com Services LLC, to the extent of payments made to Natacha Maignan and/or on her behalf as a result of the Loss and the Defendant, Amazon.com Services LLC's negligence.

WHEREFORE, the Plaintiff respectfully demands that judgment enter on its behalf and against the Defendant, Amazon.com Services LLC, in the maximum amount allowed by law, plus interest, costs and attorney's fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiff demands judgment against the Defendant, Amazon.com Services LLC,

in an amount that will adequately compensate the Plaintiff for its injuries, damages and/or losses, together with interest and costs.

**COUNT II**
**(Breach of Implied Warranty of Merchantability v. Amazon.com Services LLC)**

36. The Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 35 above, as if expressly re-written and set forth herein.

37. The Defendant, Amazon.com Services LLC, sold, and distributed the Product.

38. The Defendant, Amazon.com Services LLC, as the distributor of the Product, impliedly warranted that the Product was of merchantable quality, safe, reasonably fit for its intended uses, and free of any defects.

39. The Defendant, Amazon.com Services LLC, was a merchant with respect to goods of the kind involved in the Loss.

40. The Defendant, Amazon.com Services LLC, knew or had reason to know that Natacha Maignan and those utilizing the Product relied on the implied warranty of merchantability made by the Defendant, Amazon.com Services LLC.

41. Natacha Maignan used the Product for its intended purpose and maintained the Product in a safe and proper manner without any alteration or modification, and in accordance with the Product's instructions.

42. The Defendant, Amazon.com Services LLC, breached the implied warranty of merchantability because the Product was not of merchantable quality, unsafe, not reasonably fit for its intended purposes and not free of any defects.

43. The Loss and resulting damage to the Dwelling and personal property at the Property, and additional living expenses occurred as a direct and proximate result of the breach of said implied warranty of merchantability by the Defendant, Amazon.com Services LLC.

44. Due notice has been given to the Defendant, Amazon.com Services LLC, of its breach of said implied warranty of merchantability.

45. Pursuant to the terms and conditions of the Policy and applicable Massachusetts law, Norfolk & Dedham Mutual Fire Insurance Company now stands subrogated to Natacha Maignan's cause of action of breach of the implied warranty of merchantability against the Defendant, Amazon.com Services LLC, to the extent of payments made to Natacha Maignan and/or on her behalf as a result of the Loss and the Defendant, Amazon.com Services LLC's breach of the implied warranty of merchantability.

WHEREFORE, the Plaintiff respectfully demands that judgment enter on its behalf and against the Defendant, Amazon.com Services LLC, in the maximum amount allowed by law, plus interest, costs and attorney's fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiff demands judgment against the Defendant, Amazon.com Services LLC, in an amount that will adequately compensate the Plaintiff for its injuries, damages and/or losses, together with interest and costs.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff requests that the Court:

1. Enter a judgement against the Defendant declaring that the Defendant is legally and financially responsible for the damages that the Plaintiff and its insured sustained or incurred;

2. Award the Plaintiff compensatory damages against the Defendant in an amount equal to the damages they have incurred or suffered;

3. Award the Plaintiff costs of suit, including attorneys' and expert witness fees;

4. Award the Plaintiff interest, including, but not limited to, pre-judgement interest; and

5. Fashion such other relief as the Court deems just and proper.

**JURY DEMAND**

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
Plaintiff,
Norfolk & Dedham Mutual Fire Insurance Company, as subrogee of Natacha Maignan,
By its Attorneys,

/s/ Matthew D. Rush

Anthony J. Antonellis, Esq., BBO# 557964
Matthew D. Rush, Esq., BBO# 669990
Sloane and Walsh LLP
One Boston Place, Ste. 1600
201 Washington St.
Boston, MA 02018
aantonellis@sloanewalsh.com
mrush@sloanewalsh.com

Date: July 31, 2025